United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

REGINALD E. MARTIN,

                    Petitioner,

    vs.

R. BARNES, Warden,

                    Respondent.

_____/

No. C 12-01881 PJH (PR)

**ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND**

     Petitioner, a California prisoner currently incarcerated at the California Correctional Center in Susanville, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner's original petition was dismissed with leave to amend and petitioner has filed an amended petition.

**BACKGROUND**

     A jury convicted petitioner of first degree murder. He was sentenced to fifty years to life in prison.

     Petitioner appealed. The California Court of Appeal affirmed and the Supreme Court of California denied review. Petitioner also filed an unsuccessful state habeas petition in the California Supreme Court.

**DISCUSSION**

**A.    Standard of Review**

     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

United States District Court

For the Northern District of California

1   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

2   § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

3   heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

4   application for a federal writ of habeas corpus filed by a prisoner who is in state custody

5   pursuant to a judgment of a state court must "specify all the grounds for relief available to

6   the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

7   Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

8   petition is expected to state facts that point to a 'real possibility of constitutional error.'"

9   Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

10  1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to

11  summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108

12  (9th Cir. 1996) (Schroeder, J., concurring).

13  **B.    Legal Claims**

14      The original petition was dismissed with leave to amend as petitioner had not

15  supplied sufficient information for the court to understand the nature of his claims.  The

16  court screened each claim and discussed how to properly amend each claim.  The

17  amended petition has provided additional information for some claims, but other claims

18  remain difficult to understand and the court has interpreted the claims to the best of its

19  ability.[1]  Petitioner has essentially filed the same petition with just a little added information.

20      As grounds for federal habeas relief, petitioner asserts: (1) cumulative error; (2)

21  ineffective assistance of counsel; (3) the jury venire did not represent a fair cross-section of

22  the community; (4) insufficient evidence; (5) insufficient evidence and propensity evidence;

23  (6) cumulative error; (7) prosecution failed to preserve evidence; (8) admission of hearsay

24  evidence; (9) improper jury instructions; and (10) *Brady* violation.

25      Claims one and six are duplicative and fail to provide sufficient information,

26  essentially just stating insufficient evidence and admission of hearsay, which are presented

27

28      [1] Petitioner has cited to the trial transcript but has not included the transcript for the
    court to review.

2

**United States District Court**
For the Northern District of California

1  in other claims.  These claims are dismissed without leave to amend.

2    Claim two states that counsel was ineffective, but provides very little support.

3  Petitioner states counsel should have introduced expert testimony or found witnesses, but

4  petitioner does not identify any witnesses or describe what expert testimony was needed.

5  This claim will be dismissed with leave to amend.

6    Claim three regarding the racial makeup of the jury is sufficient to proceed as it was

7  presented on direct appeal and was sufficiently described on appeal.

8    Claims four and five are similar to claims two and three from the original petition.

9  For the reasons set forth in the prior screening order, claim four regarding the sufficiency of

10  the evidence is sufficient, but claim five is dismissed without leave to amend.

11    Claim seven states that the prosecution failed to preserve evidence, but petitioner

12  simply states a gun recovered from another individual for another crime was destroyed

13  before it could be examined.  This claim is dismissed for petitioner to provide more

14  information.

15    Claim eight states that tape recorded testimony from Rashanda Martin and Scott

16  was improperly admitted.  This claim is sufficient to proceed.

17    Claim nine states that a jury instruction involving petitioner leaving the state was

18  improper.  Petitioner does not provide the jury instruction in question, therefore, this claim is

19  dismissed with leave to amend.

20    In claim ten, petitioner states that the prosecution failed to turn over *Brady* material,

21  again without describing why any of the evidence was potentially exculpatory.  Petitioner's

22  arguments about the gun have already been addressed in claim seven.  Petitioner also

23  argues that police reports and other evidence was provided to defense counsel to review,

24  but petitioner did not personally review the materials.  Petitioner may present this argument

25  in his ineffective assistance of counsel argument.  The remainder of this claim is dismissed

26  without leave to amend as petitioner has again failed to provide sufficient information

27  regarding this claim.

28  ///

United States District Court

For the Northern District of California

1    In summary, claims three, four and eight and are sufficient to proceed. Claims one,

2 five, six and ten are dismissed without leave to amend. Petitioner, if he wishes, may file a

3 second amended petition to amend claims two, seven and nine. Failure to file a second

4 amended petition will result in the petition proceeding on the claims described above. If

5 petitioner does file an amended petition, he must also include claims three, four and eight

6 as an amended petition supercedes prior petitions.

### CONCLUSION

8    1. Claims one, five, six and ten are **DISMISSED**. Claims three, four and eight are

9 sufficient to proceed. Claims two, seven and nine are **DISMISSED WITH LEAVE TO**

10 **AMEND**. The second amended petition must be filed no later than **February 4, 2013**. The

11 amendment must include the caption and civil case number used in this order and the

12 words SECOND AMENDED PETITION on the first page. Petitioner should include claims

13 three, four and eight in the amended petition so all claims can be found in the same place.

14    2. Petitioner must keep the court informed of any change of address and must

15 comply with the court's orders in a timely fashion. Failure to do so may result in the

16 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

17 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable

18 in habeas cases).

19    **IT IS SO ORDERED.**

20 Dated: January 4, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Martin1881.dwlta2.wpd

4