1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5                          OAKLAND DIVISION
6
7   REGINALD E. MARTIN,
8                 Petitioner,              No. C 12-01881 PJH (PR)
9     vs.                                  **ORDER FOR RESPONDENT
                                           TO SHOW CAUSE**
10  R. BARNES, Warden,
11                Respondent.
                                    /
12

13        Petitioner, a California prisoner currently incarcerated at the California Correctional

14  Center in Susanville, has filed a pro se petition for a writ of habeas corpus pursuant to 28

15  U.S.C. § 2254.

16        Petitioner was convicted in Alameda County, which is in this district, so venue is

17  proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner's original and amended petition were

18  dismissed with leave to amend and petitioner has filed a second amended petition.

19                              **BACKGROUND**

20        A jury convicted petitioner of first degree murder.  He was sentenced to fifty years to

21  life in prison.

22        Petitioner appealed.  The California Court of Appeal affirmed and the Supreme Court

23  of California denied review.  Petitioner also filed an unsuccessful state habeas petition in

24  the California Supreme Court.

25                               **DISCUSSION**

26  **A.     Standard of Review**

27        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28  custody pursuant to the judgment of a State court only on the ground that he is in custody

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

2   § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

3   heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

4   application for a federal writ of habeas corpus filed by a prisoner who is in state custody

5   pursuant to a judgment of a state court must "specify all the grounds for relief available to

6   the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

7   Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

8   petition is expected to state facts that point to a 'real possibility of constitutional error.'"

9   Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

10  1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to

11  summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108

12  (9th Cir. 1996) (Schroeder, J., concurring).

13  **B.    Legal Claims**

14          The prior amended petition raised ten claims and the court found certain claims

15  sufficient to proceed, certain claims dismissed with leave to amend and other claims

16  dismissed without leave to amend.  Petitioner was repeatedly informed that he must include

17  in any amended petition all the claims he wished to proceed with, as an amended petition

18  supercedes prior petitions.  The court will address the claims of the second amended

19  petition as they are numbered in that petition.

20          As grounds for federal habeas relief, petitioner asserts: (2) ineffective assistance of

21  counsel; (3) the jury venire did not represent a fair cross-section of the community; (7)

22  prosecution failed to preserve evidence; (8) admission of hearsay evidence; (9) improper

23  jury instructions

24          Claim two states that counsel was ineffective, but provides very little support.

25  Petitioner states counsel should have introduced expert testimony or found witnesses, but

26  petitioner does not identify any witnesses or describe what expert testimony was needed.

27  Petitioner also states that he was not allowed to review police reports that trial counsel

28  possessed, but provides no allegations regarding the importance of the reports.  Finally,

1  petitioner alleges his counsel failed to disclose exculpatory evidence to petitioner, regarding

2  a gun brought forth from a witness that was same caliber as the murder weapon but never

3  tested.  Petitioner was repeatedly informed he needed to provide more support for this

4  claim, but has failed to do so.  That witnesses should have been found or another gun of

5  the same caliber existed, fails to demonstrate ineffective assistance of counsel as petitioner

6  has only provided conclusory allegations without any support.  *See Jones v. Gomez*, 66

7  F.3d 199, 204-05 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a

8  statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d

9  20, 26 (9th Cir. 1994)).  This claim is therefore dismissed.

10  Claim three regarding the racial makeup of the jury is sufficient to proceed as it was

11  presented on direct appeal and was sufficiently described on appeal.

12  Claim seven states that the prosecution failed to preserve evidence in that a gun

13  recovered from another individual for another crime was destroyed before it could be

14  examined.  Liberally construed, this claim is sufficient to proceed.

15  Claim eight states that tape recorded testimony from Rashonda Martin and Paul

16  Scott was improperly admitted.  This claim is sufficient to proceed.

17  Claim nine states that a jury instruction involving petitioner leaving the state was

18  improper and diluted the standard of proof.  This claim is sufficient to proceed.

19  In summary, claim two is dismissed and this action proceed on claims three, seven,

20  eight and nine of the second amended petition.  Docket No. 8.

21  **CONCLUSION**

22  1. Claims two is **DISMISSED**.  Claims three, seven, eight and nine are sufficient to

23  proceed.

24  2. The clerk shall serve by regular mail a copy of this order and the petition and all

25  attachments thereto on respondent and respondent's attorney, the Attorney General of the

26  State of California.  The clerk also shall serve a copy of this order on petitioner.

27  3. Respondent shall file with the court and serve on petitioner, within sixty days of

28  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

1   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2   granted.  Respondent shall file with the answer and serve on petitioner a copy of all

3   portions of the state trial record that have been transcribed previously and that are relevant

4   to a determination of the issues presented by the petition.

5        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

6   the court and serving it on respondent within thirty days of his receipt of the answer.

7        4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

8   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

9   Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

10  date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

11  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

12  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

13  within fourteen days of receipt of any opposition.

14       5.  Petitioner is reminded that all communications with the court must be served on

15  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

16  must keep the court informed of any change of address and must comply with the court's

17  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

18  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

19  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20       **IT IS SO ORDERED.**

21  Dated:  February 5, 2013.        _____

22                                                     PHYLLIS J. HAMILTON
                                                         United States District Judge

23

24  G:\PRO-SE\PJH\HC.12\Martin1881.osc.wpd

25

26

27

28

4