UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

REGINALD E. MARTIN,

    Petitioner,

vs.

R. BARNES, Warden,

    Respondent.
                                  /

No. C 12-01881 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the California Correctional Center in Susanville, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner's original and amended petition were dismissed with leave to amend and petitioner has filed a second amended petition.

## BACKGROUND

A jury convicted petitioner of first degree murder. He was sentenced to fifty years to life in prison.

Petitioner appealed. The California Court of Appeal affirmed and the Supreme Court of California denied review. Petitioner also filed an unsuccessful state habeas petition in the California Supreme Court.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

The prior amended petition raised ten claims and the court found certain claims sufficient to proceed, certain claims dismissed with leave to amend and other claims dismissed without leave to amend. Petitioner was repeatedly informed that he must include in any amended petition all the claims he wished to proceed with, as an amended petition supercedes prior petitions. The court will address the claims of the second amended petition as they are numbered in that petition.

As grounds for federal habeas relief, petitioner asserts: (2) ineffective assistance of counsel; (3) the jury venire did not represent a fair cross-section of the community; (7) prosecution failed to preserve evidence; (8) admission of hearsay evidence; (9) improper jury instructions

Claim two states that counsel was ineffective, but provides very little support. Petitioner states counsel should have introduced expert testimony or found witnesses, but petitioner does not identify any witnesses or describe what expert testimony was needed. Petitioner also states that he was not allowed to review police reports that trial counsel possessed, but provides no allegations regarding the importance of the reports. Finally,

petitioner alleges his counsel failed to disclose exculpatory evidence to petitioner, regarding a gun brought forth from a witness that was same caliber as the murder weapon but never tested. Petitioner was repeatedly informed he needed to provide more support for this claim, but has failed to do so. That witnesses should have been found or another gun of the same caliber existed, fails to demonstrate ineffective assistance of counsel as petitioner has only provided conclusory allegations without any support. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). This claim is therefore dismissed.

Claim three regarding the racial makeup of the jury is sufficient to proceed as it was presented on direct appeal and was sufficiently described on appeal.

Claim seven states that the prosecution failed to preserve evidence in that a gun recovered from another individual for another crime was destroyed before it could be examined. Liberally construed, this claim is sufficient to proceed.

Claim eight states that tape recorded testimony from Rashonda Martin and Paul Scott was improperly admitted. This claim is sufficient to proceed.

Claim nine states that a jury instruction involving petitioner leaving the state was improper and diluted the standard of proof. This claim is sufficient to proceed.

In summary, claim two is dismissed and this action proceed on claims three, seven, eight and nine of the second amended petition. Docket No. 8.

**CONCLUSION**

1. Claims two is **DISMISSED**. Claims three, seven, eight and nine are sufficient to proceed.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 5, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Martin1881.osc.wpd

4