United States District Court
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5                    OAKLAND DIVISION

6

7   REGINALD E. MARTIN,

8                    Petitioner,                    No. C 12-1881 PJH (PR)

9      vs.
                                                    **ORDER TO SHOW CAUSE**
10  R. BARNES, Warden,

11                   Respondent.
    _____/
12

13          Petitioner, a California prisoner currently incarcerated at the California Correctional

14  Center in Susanville, has filed a pro se petition for a writ of habeas corpus pursuant to 28

15  U.S.C. § 2254.  The court ordered respondent to show cause regarding four claims in the

16  petition.  Respondent has filed a response noting that petitioner has another earlier pending

17  case, No. C 11-3075 PJH (PR), challenging the same conviction.  That case raises two

18  other claims and respondent has already filed an answer to the petition.  Respondent notes

19  that petitioner indicated in the petition in No. C 12-1881 PJH (PR) that he had not

20  previously filed a petition in federal court and there was no petition pending in federal court.

21  No. C 12-1881 PJH (PR), Docket No. 1 at 14.

22          Where a new pro se habeas petition is filed before the adjudication of a prior petition

23  is complete, the new petition should be construed as a motion to amend the pending

24  petition rather than as a successive application.  *Woods v. Carey*, 525 F.3d 886, 890 (9th

25  Cir. 2008) (holding that petitioner's second pro se habeas petition was not successive

26  under § 2244 and should instead be construed as a motion to amend because it was filed

27  while his previous petition was still pending before the district court).  The district court then

28  has the discretion to decide whether the motion to amend should be granted.  *Woods*, 525

F.3d at 890.

Respondent argues that the motion to amend should be denied as petitioner's misrepresentation on the new petition resulted in a new case being opened and petitioner has been dilatory in belatedly changing all of his claims that are not related to the claims in the earlier petition.[1]

Petitioner shall show cause by **May 6, 2013**, why the habeas action in No. C 12-1881 PJH (PR), should not be construed as a motion to amend and why it should not thereafter be denied leaving only the earlier case, No. C 11-3075 PJH (PR), to proceed.

**IT IS SO ORDERED.**

Dated:  April 9, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Martin1881.osc-p.wpd

---

[1] The court denied petitioner's motion for a stay in the earlier case as the motion was simply a few boilerplate sentences and provided no information about what claims were to be exhausted or even if the process had begun.  No. C 11-3075 PJH (PR), Docket No. 4.