UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

REGINALD E. MARTIN,

    Petitioner,

vs.

R. BARNES, Warden,

    Respondent.
_____/

No. C 12-1881 PJH (PR)

**ORDER CLOSING CASE AND FOR PETITIONER TO FILE BRIEFING IN EARLIER FILED CASE**

    Petitioner, a California prisoner currently incarcerated at the California Correctional Center in Susanville, proceeds with two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was ordered to show cause why case No. C 12-1881 PJH (PR), should not be construed as a motion to amend and why it should not thereafter be denied leaving only the earlier case, No. C 11-3075 PJH (PR), to proceed. Petitioner has filed a response.

    In case, No. C 11-3075 PJH (PR), petitioner raised two claims regarding the prosecution withholding exculpatory evidence and the erroneous admission of evidence. The court ordered respondent to show cause and an answer was filed on September 20, 2012. Petitioner never filed a traverse yet had already filed a second case regarding the same conviction, No. C 12-1881 PJH (PR), where he raised four new claims regarding the racial make-up for the jury, the prosecution's failure to preserve evidence, erroneous admission of evidence and jury instruction error.

    Where a new pro se habeas petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application. *Woods v. Carey,* 525 F.3d 886, 890 (9th

1  Cir. 2008) (holding that petitioner's second pro se habeas petition was not successive
2  under § 2244 and should instead be construed as a motion to amend because it was filed
3  while his previous petition was still pending before the district court).  The district court then
4  has the discretion to decide whether the motion to amend should be granted.  *Woods*, 525
5  F.3d at 890.

6  Respondent argues that the motion to amend should be denied as petitioner's
7  misrepresentation on the new petition that he had no prior petitions resulted in a new case
8  being opened and petitioner has been dilatory in belatedly changing all of his claims that
9  are not related to the claims in the earlier petition.  Respondent makes valid arguments,
10 however as petitioner is proceeding pro se the court will allow the original petition to be
11 amended to include the new claims.

12 To expedite the process, this case will be closed and petitioner must file a brief
13 motion to amend and an amended petition in case No. C 11-3075 PJH (PR).  The amended
14 petition must include the original two claims and the additional four claims discussed
15 above.  No additional claims are to be included.  After petitioner has filed a motion to
16 amend and amended complaint the court will order respondent to file a supplemental
17 answer regarding the new claims.

18 All future filings shall be submitted to case No. C 11-3075 PJH (PR).

### CONCLUSION

20 1. By **July 8, 2013**, petitioner shall file a brief motion to amend and an amended
21 petition in case **No. C 11-3075 PJH (PR)**, as discussed above.

22 2. This case is **CLOSED**.  A certificate of appealability is **DENIED**.

23 **IT IS SO ORDERED.**

24 Dated:  June 17, 2013.

PHYLLIS J. HAMILTON
United States District Judge

27 G:\PRO-SE\PJH\HC.12\Martin1881.ord.wpd